Argued and submitted December 5, 1990, affirmed February 13, 1991

In the Matter of the Compensation of
Rick R. Pittman, Claimant.

NORTH AMERICAN VAN LINES,
and Crawford & Company,
*Petitioners,*

*v.*

Rick R. PITTMAN,
Lile International Company
and Liberty Northwest Insurance Company,
*Respondents.*

(88-13437; 88-08119; CA A65197)

805 P2d 752

Margaret H. Leek Leiberan, Portland, argued the cause for petitioners. With her on the brief were Leiberan & Gazeley, Portland, and Schuyler T. Wallace, Portland.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents Lile International Co. and Liberty Northwest Insurance Company.

Douglas S. Swanson, Portland, argued the cause for respondent Rick R. Pittman. With him on the brief were Geoffrey G. Wren and Royce, Swanson & Thomas, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

**PER CURIAM**

North American Van Lines seeks review of a decision of the Workers' Compensation Board affirming the referee's decision that claimant was its employee, and not an independent contractor, when he was injured on September 18, 1987.

The Board, in affirming the referee, made these unchallenged findings:

"[C]laimant was carrying out the duties of his job that were required under the contract with [Lile] International Company, which was the exclusive agent for North American Van Lines. The only reason the claimant was in Portland was at the direction of [Lile] International Company to bring the trailer there for repair. The mechanical problems with the trailer had necessitated the maintenance repairs on the tractor. The fact that [Lile] International Company owned the trailer and that claimant owned the tractor has very little relevance because claimant was obligated under his employment contract to perform maintenance duties involving the tractor and trailer regardless of ownership. The maintenance duties were required by the contract between claimant and [Lile] International Company and also by the contract between North American Van Lines and [Lile] International Company. The maintenance of the tractor and trailer is obviously to prevent accidents and to maintain timetables which ultimately are for the benefit of North American Van Lines. Here the claimant was a party to an express contract of hire for remuneration and was subject to the direction and control of his employer."

Additionally, the Board found, and North American Van Lines does not contest, that, in its denial of the claim, it acknowledged that it was claimant's employer. Those findings are based on substantial evidence in the record and support the Board's conclusion that claimant was North American Van Lines' employee.

Affirmed.